UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X

CHRISTIAN LEMA PAGUAY,

                            Plaintiff,

                 -against-

THE CITY OF NEW YORK, NYPD POLICE OFFICER
EDWARD A. SERRATACABA, Shield No. 6122, NYPD
POLICE OFFICER FRANK N. VETERE, Shield No.
25777, NYPD POLICE OFFICER ELENI KARAGKOUNI,
Shield No. 5241, NYPD POLICE OFFICER RICHARD P.
HUNTER, Shield No. 18602, NYPD POLICE SERGEANT
JOSEPH P. SCAGLIONE, Shield No. 3909, NYPD
POLICE OFFICER LUIS M. NEGRON, Shield No. 26287,
NYPD POLICE OFFICER JOSEPH V. FILIPPI, Shield No.
11107    NYPD POLICE OFFICERS JOHN AND JANE
DOES NUMBERS ONE THROUGH TEN

                          Defendants.
---------------------------------------------------------------------- X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Case No.   1:25-cv-4714

Plaintiff, CHRISTIAN LEMA PAGUAY, by his attorneys, SHULMAN & HILL, PLLC

as and for his complaint, alleges upon information and belief as follows:

**PRELIMINARY STATEMENT**

        1.      This is a civil rights action to recover monetary damages arising out of

defendants' violations of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Sections

1983 and 1988, rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United

States Constitution, and the laws and Constitution of the State of New York.

        2.      This claim arises from a March 2, 2024, incident in which defendants, acting

under color of state law falsely arrested Plaintiff in the vicinity of 211 Union Avenue, County of

Kings, State of New York.

-1-

3.      Plaintiffs' claims for deprivation of federal civil rights, malicious prosecution, and denial of constitution right to a fair trial accrued on June 4, 2024, when all criminal proceedings initiated by Defendants against Plaintiff were dismissed

4.      Earlier on March 2, 2024, Plaintiff had been arrested and charged with Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs, and other related offenses.

5.      Plaintiff's arrest and the charges subsequently brought against him were maliciously made and prosecuted by defendants through their intentional and knowing misrepresentation of incriminating but untruthful statements, and also through their intentional and knowing withholding of truthful and exculpatory evidence, all concerning an incident on March 2, 2024.

6.      Plaintiffs False arrest and related claims, accrued on March 2, 2024, the date on which he was arrested despite Plaintiff never having driven a vehicle at the relevant time period and officers on the scene observing that Plaintiff was not driving the vehicle at the aforementioned time and place of occurrence.

7.      Defendants purposefully, negligently, and/or recklessly misrepresented and withheld evidence in order to arrest and charge plaintiff with crimes he did not commit.

8.      As detailed below, Plaintiff's dash cam footage demonstrates that he was not the driver of the vehicle at all relevant time periods.

9.      Defendants arrested Plaintiff and caused him to be held in jail, suffer a litany of examinations while in custody, caused his license to be suspended, caused Plaintiff to lose income, and appear in Court multiple times before the charges against him were dismissed.

10.    Plaintiff seeks herein redress for the constitutional injuries inflicted on him by defendants under color of law.

## JURISDICTION

11.    This action is brought in this Court pursuant to 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

12.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4), this being an action seeking an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

13.    This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 under those claims that arise under the Constitution and Laws of the State of New York, as all of those claims derive from the same common nucleus of operative facts as Plaintiff's federal claims, as well they are part of the same case or controversy that gives rise to the federal claims and causes of action here.

14.    Plaintiff has complied with the requirements of New York General Municipal Law § 50.

15.    Plaintiff served a Notice of Claim on the Municipal Defendant on July 12, 2024, within the time required by General Municipal Law.

16.    More than 30 days have passed since the service of the Notice of Claim.

17.    On June 9, 2025, Plaintiff submitted for an examination pursuant to New York General Municipal Law 50-h.

## VENUE

18.     Venue is proper in the United Stated District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c), as a substantial part of the events fiving rise to this claim occurred in this district

## JURY DEMAND

19.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

20.     At all times relevant hereinafter mentioned, Plaintiff was a resident of Kings County, in the City and state of New York.

21.     At all times hereinafter mentioned, the defendant City of New York ("the City"), was a municipal corporation duly organized and existing under the laws of the state of New York.

22.     The City is authorized to maintain a police department, the New York City Police Department ("NYPD"), which is authorized to perform all functions of a police department per the applicable sections of the New York State Criminal Procedure Law.

23.     At all times hereinafter mentioned, defendant NYPD Police Officer Edward A. Serratacaba, Shield No. 6122, was a duly sworn police officer and an employee of the City and a member of the NYPD.

24.     Defendant, Officer Serratacaba, is being sued in his individual and official capacities.

25. At all times hereinafter mentioned, defendant NYPD Police Officer Frank N. Vetere, Shield No. 25777, was a duly sworn police officer and an employee of the City and a member of the NYPD.

26. Defendant, Officer Vetere, is being sued in his individual and official capacities.

27. At all times hereinafter mentioned, defendant NYPD Police Officer Eleni Karagkouni, Shield No. 5241, was a duly sworn police officer and an employee of the City and a member of the NYPD.

28. Defendant, Officer Karagkouni, is being sued in her individual and official capacities.

29. At all times hereinafter mentioned, defendant NYPD Police Officer Richard P. Hunter, Shield No. 18602, was a duly sworn police officer and an employee of the City and a member of the NYPD.

30. Defendant, Officer Hunter, is being sued in his individual and official capacities.

31. At all times hereinafter mentioned, defendant NYPD Police Sergeant Joseph P. Scaglione, Shield No. 3909, was a duly sworn police officer and an employee of the City and a member of the NYPD.

32. Defendant, Sergenat Scaglione, is being sued in his individual and official capacities.

33. At all times hereinafter mentioned, defendant NYPD Police Officer Luis M. Negron, Shield No. 26287, was a duly sworn police officer and an employee of the City and a member of the NYPD.

34. Defendant, Officer Negron, is being sued in his individual and official capacities.

35. At all times hereinafter mentioned, defendant NYPD Police Joseph V. Filippi, Shield No. 11107, was a duly sworn police officer and an employee of the City and a member of the NYPD.

36. Defendant, Officer Filippi, is being sued in his individual and official capacities.

37. At all times relevant herein, defendants Serratacaba, Vetere, Karagkouni, Hunter, Scaglione, Negron, and Filippi acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

38. At all times relevant herein, defendants Serratacaba, Vetere, Karagkouni, Hunter, Scaglione, Negron, and Filippi violated clearly established rights and standards under the United States Constitution, of which reasonable police officers in their respective circumstances would have known.

39. NYPD Police Officers John and Jane Does Numbers One Through Ten, were, at all times relevant herein, employees of the City of New York and members of the NYPD, whose names are presently unknown to Plaintiff. The true names of these officers will be added, upon motion, when their identities are revealed through discovery.

40. NYPD Police Officers John and Jane Does Numbers One Through Ten are being sued in their individual and official capacities.

41.     At all times relevant herein, defendants NYPD Police Officers John and Jane Does Numbers One Through Ten acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

42.     At all times relevant herein, defendants NYPD Police Officers John and Jane Does Numbers One Through Ten violated clearly established rights and standards under the United States Constitution, of which reasonable police officers in their respective circumstances would have known.

## FACTUAL ALLEGATIONS TO ALL COUNTS

43.     On March 2, 2024, Plaintiff was the passenger in the rear driver's side seat in his vehicle traveling Southbound on Union Avenue, in Kings County, State of New York.

44.     At approximately 2:50 a.m. the driver of the vehicle, another individual, failed to stop when approached by police.

45.     Defendant Officer Vetere approached the vehicle from the driver's side and defendant Sergeant Scaglione approached the vehicle from the passenger side.

46.     Defendants were able to see inside of the vehicle as they approached the windows and have their hands on the car.

47.     While officers are at either side of the car, the vehicle proceeds to roll through the intersection of Union Avenue and Montrose Avenue.

48.     Defendant Vetere proceeds to attempt to break the driver's side window with his baton and defendant Scaglione grabs onto the vehicle.

49.     The vehicle then proceeds to impact an unmarked police vehicle at a low rate of speed.

50.     No injuries were sustained as a result of that collision.

51.     The passenger vehicle was equipped with a dash camera that was recording before, during, and after the time of the incident.

52.     The dash camera footage shows Plaintiff sitting in the rear seat of the vehicle and not in any way operating or attempting to operate the vehicle.

53.     The dash camera footage makes clear that at no point during the interaction leading up to the encounter with the police was Plaintiff driving or operating the vehicle.

54.     Once the vehicle has been stopped, defendant Vetere continued to strike the driver's side window with his baton several times.

55.     Defendant Serratacaba then approached the rear driver's side door and opens it.

56.     Defendant Serratacaba then forcibly removed Plaintiff from the vehicle by grabbing Plaintiff's arms and waste.

57.     Officer Hunter then joins and assists defendant Serratacaba in placing Plaintiff in handcuffs immediately.

58.     Defendants Serratacaba and Hunter searched Plaintiff's person, while he is in handcuffs with two officers leaned on him, pressed against the vehicle.

59.     As Plaintiff was in handcuffs and forcibly held by two officers, despite not resisting in anyway, defendant Serratacaba threatened "you are lucky that wasn't my car, I'll tell you that."

60.     All the while Plaintiff denied operating the vehicle, insisting he was in the back where he was found.

61.     Defendant officers Karagkouni, Negron, and others arrived at the location, whereupon defendant Vetere informed those officers of his version of the events.

62.     Plaintiff was held outside of his vehicle by the defendant officers during this encounter for over ten minutes, despite being immediately in front of the 90th Precinct.

63.     Finally, Plaintiff was brought into the 90th precinct, where he is searched, fingerprinted, photographed, and placed in a holding cell.

64.     At no time was there any contraband found on Plaintiff's person, or within his custody or control.

65.     Plaintiff was then removed from the 90th Precinct and transported to the 78th Precinct by defendant officers Serratacaba and Karagkouni.

66.     At the 78th Precinct, Plaintiff is again searched and placed in a holding cell.

67.     At approximately 5:00 a.m., Plaintiff is taken to the Intoxicated Drivers Testing Unit ("IDTU"), where defendant officers Serratacaba and Filippi are present.

68.     Defendant Filippi then, upon information and belief, conducted a litany of standard field sobriety tests without asking if Plaintiff consents or that he has the right to refuse such tests.

69.     In addition to the non-verbal documentary evidence that defendant Fillipi is attempting to illicit from Plaintiff while he is in custody, defendant Fillippi is also eliciting through questioning or its functional equivalent, statements from Plaintiff in the absence of his constitutional protections against self-incrimination.

70.     Defendant Fillippi is recording the whole interaction in the IDTU via videographic means as well as through paperwork that he will later transmit to the Kings County District Attorney's Office.

71.     The entire interaction in the IDTU room lasts approximately seven (7) minutes.

72.     At some point thereafter, Plaintiff was transported to Kings County Central Bookings, where he awaited arraignment.

73.     While in custody, Defendants Serratacaba, Vetere, Karagkouni, Hunter, Scaglione, Negron, Flippi, along with John and Jane Doe defendant officers, provided the Kings County District Attorney's Office with false, misleading, and/or incomplete information that Plaintiff had committed crimes.

74.     On March 3, 2024, at Plaintiff's arraignment, a criminal complaint was filed against Plaintiff in the Criminal Court of the City of New York, Kings County.

75.     Plaintiff was charged with two (2) counts of operating a motor vehicle while under the influence of alcohol or drugs, and one (1) count of reckless endangerment in the second degree.

76.     The complaint stated that defendant Serratacaba "observed the defendant (herein Plaintiff, Mr. Lema) driving a 2016 Ford Vehicle bearing License Plate # T106110C and observed said vehicle to disobey two red lights and swerving on the road."

77.     That complaint further alleged that defendant Vetere observed "while the vehicle was moving informant [Plaintiff] leave the driver's seat and climb into the back seat leaving the above-described vehicle moving and uncontrolled and almost running over [Vetere's] leg."

78.    That complaint was signed under the penalty of perjury by defendant Serratacaba.

79.    Defendant Vetere, would later go on to sign a supporting deposition under the penalty of perjury, attesting to the truth of the complaint.

80.    Defendant officers Serratacaba, Vetere, Karagkouni, Hunter, Scaglione, Negron, and Filippi submitted and presented false information by way of body worn camera footage, police reports, and sworn statements, to the Kings County District Attorney's Office that Plaintiff was operating a vehicle while under the influence of alcohol or drugs.

81.    Plaintiff was eventually arraigned on this complaint, pled not guilty and was released on his own recognizance.

82.    Plaintiff was forced to return to court several times before the charges against him were dismissed on June 4, 2024.

83.    Some of the police officer defendants, observed the violation of Plaintiff's rights the laws of the State of New York and the Constitution of the United States and did nothing to prevent their fellow officers from unjustifiably arresting, confining, and maliciously prosecuting Plaintiff.

84.    As a direct and proximate result of the defendant officers' misrepresentations of truth, Plaintiff's license was suspended for approximately six (6) months and he was thus unable to continue his work as a driver.

**<u>DAMAGES</u>**

85.    Plaintiff has been grievously injured.

86.    As a direct and proximate result of the acts of defendants, Plaintiff has suffered the following injuries and damages:

a) Violations of his rights under the laws and Constitution of the State of New York;

b) Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

c) Violations of his rights pursuant to the fourteenth amendment of the United States Constitution to due process;

d) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotion distress, frustration, extreme inconvenience, anxiety;

e) Loss of Liberty and Civil Rights;

f) Lost wages.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Deprivation of Federal Civil Rights under 42 U.S.C. § 1983

#### *Against All Defendants*

87.    Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

88.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a violation of rights that are clearly established by the Constitution of the United States.

89.     All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

90.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

91.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

92.     The defendant police officers and defendant City, collectively and individually, while acting under the color of state law, engaged in Constitutionally violative conduct that constitutes a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the constitution of the United States.

93.     As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and loss of wages, and damage to his reputation and standing within his community.

94.     The defendants conduct entitled Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

95.     Plaintiff is similarly entitled to reasonable attorney's fees under 42 U.S.C. § 1988 and applicable federal law.

96.     As a result of defendants' impressible conduct, Plaintiff demands judgment against defendants in a sum of money to be determined at trial.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 Unlawful Stop and Search

*Against Individual Defendants*

97.     Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

98.     Defendants violated the Fourth and Fourteenth Amendments by their actions of stopping and searching Plaintiff without reasonable suspicion.

99.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## THIRD CAUSE OF ACTION

### 42 U.S.C. § 1983 False Arrest and False Imprisonment

*Against Individual Defendants*

100.    Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

101.    Defendants violated the Fourth and Fourteenth Amendments to the United States Constitution by wrongfully and illegally arresting detaining, and imprisoning Plaintiff.

102.    The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiffs consent, and without probable cause or reasonable suspicion.

103.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## FOURTH CAUSE OF ACTION

### 42 U.S.C. § 1983 Malicious Prosecution

### *Against Individual Defendants*

104.    Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

105.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a violation of rights that are clearly established under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

106.    Defendants were directly and actively involved in the initiation or prosecution of criminal proceedings against Plaintiff, including by supplying and creating false information to be included in NYPD paper that was in NYPD Paperwork, providing falsely sworn information in accusatory instruments, and/or providing false information to the prosecutor.

107.    Each of the individual defendants, individually and collectively, commenced or continued, or cause the commencement or continuation of, criminal proceedings against Plaintiff and misrepresented and falsified evidence toe the prosecutor and/or failed to make a full statement of relevant evidence – including potentially exculpatory evidence – to the prosecutor.

108.    As Plaintiff had not engaged in any criminal conduct, defendants lacked probable cause to initiate and continue criminal proceedings against Plaintiff.

109.    Defendants acted with malice in the absence of probable cause when they initiated criminal proceedings against Plaintiff.

110.    Notwithstanding defendants' misconduct, the criminal proceedings against Plaintiff were terminated in Plaintiff's favor on June 4, 2024.

111. As a result of defendants' acts and omissions, defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damages and injured plaintiff.

112. The unlawful conduct of the defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

113. As a result of the foregoing, Plaintiff was deprived of his liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was incarcerated, and had his personal and livelihood destroyed.

## FIFTH CAUSE OF ACTION

Common Law Malicious Prosecution

### *Against All Defendants*

114. Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

115. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a violation of rights that are clearly established under New York State law, the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

116. Defendants were directly and actively involved in the initiation or prosecution of criminal proceedings against Plaintiff, including by supplying and creating false information to be included in NYPD paper that was in NYPD Paperwork, providing falsely sworn information in accusatory instruments, and/or providing false information to the prosecutor.

117.     Each of the individual defendants, individually and collectively, commenced or continued, or cause the commencement or continuation of, criminal proceedings against Plaintiff and misrepresented and falsified evidence toe the prosecutor and/or failed to make a full statement of relevant evidence – including potentially exculpatory evidence – to the prosecutor.

118.     As Plaintiff had not engaged in any criminal conduct, defendants lacked probable cause to initiate and continue criminal proceedings against Plaintiff.

119.     Defendants acted with malice in the absence of probable cause when they initiated criminal proceedings against Plaintiff.

120.     Notwithstanding defendants' misconduct, the criminal proceedings against Plaintiff were terminated in Plaintiff's favor on June 4, 2024.

121.     As a result of defendants' acts and omissions, defendants deprived Plaintiff of their federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damages and injured plaintiff.

122.     The unlawful conduct of the defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

123.     Defendant the City of New York, as an employer of the individual defendants, is responsible for the officer's wrongdoing under the doctrine of *respondeat superior*.

124.     As a result of the foregoing, Plaintiff was deprived of his liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was incarcerated, and had his personal and livelihood destroyed.

## SIXTH CAUSE OF ACTION

### 42 U.S.C. § 1983 Denial of Constitutional Right to Fair Trial

#### *Against Individual Defendants*

125.     Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

126.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a violation of rights that are clearly established under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

127.     Each of the defendants investigated, in their official capacities, the actions underlying the investigation into Plaintiff at the scene, Plaintiff's arrest, and Plaintiff's subsequent prosecution.

128.     Each of the defendants investigated Plaintiff's claims that he was not the driver of the vehicle at all relevant times.

129.     The individual defendants created false evidence against Plaintiff, to wit false police reports and sworn statements alleging that Plaintiff was driving a motor vehicle while under the influence of alcohol or drugs.

130.     Defendant NYPD Officer Serratacaba and Vetere knowingly and intentionally transmitted false information to the Kings County District Attorney's office by swearing in a criminal complaint and supporting deposition that Plaintiff had committed the crime of Operating a Motor Vehicle while under the Influence of Alcohol and Drugs in violation of New York Vehicle and Traffic Law § 1192(1), 1192(3), as well as coming the crime of Reckless endangerment in the second degree in violation of New York Penal Law § 120.20.

131.     Defendants knowingly and intentionally transmitted false information to the Kings County District Attorney's office concerning several facts, the most crucial and key underlying fact being that Plaintiff was operating the motor vehicle when he was in fact in the rear passenger seat.

132.     Defendants knowingly and intentionally failed to convey exculpatory information that was within their possession, and that conclusively established that Plaintiff was innocent in fact of any wrongdoing, despite their actual knowledge of such conclusive and exculpatory information.

133.     The failure to transmit conclusive information and exculpatory information concerning a criminal defendant to the District Attorney's Office is likely to influence the decision of any jury weighing the evidence presented in a prosecution of that criminal defendant.

134.     As a result of the foregoing, Plaintiff was deprived of his liberty, was denied fundamental constitutional rights, and was publicly embarrassed and humiliated, was incarcerated, was caused to feel unwell during the arrest processing, and had his personal reputation and livelihood destroyed.

## SEVENTH CAUSE OF ACTION

### 42 U.S.C. § 1983 Failure to Intervene

#### *Against Individual Defendants*

135.     Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

136.     Each defendant who was present when defendants Serratacaba and Vetere violated Plaintiff's Constitutional Rights had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

137.    Specifically, each defendant who was present when defendants Serratacaba and Vetere arrested and/or caused Plaintiff to be arrested without probable cause or a warrant and had an affirmative duty, the ability, and opportunity to intervene on behalf of Plaintiff and failed to intervene to prevent the unlawful arrest.

138.    Specifically, each defendant who was present at the location had the ability to see if Plaintiff was the driver and/or examine the dashcam footage that proved unequivocally that he was not the driver.

139.    Specifically, each defendant who was present during the time Plaintiff was held, was aware the arrest was unconstitutional and had an opportunity to intervene to void the arrest.

140.    Nonetheless, Plaintiff was detained, arrested, and held in a holding cell and processed as an overnight arrest.

141.    As a result of the foregoing, Plaintiff suffered serious injury, his liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated.

142.    As a direct and proximate result of such acts, defendants, individually and collectively, deprived Plaintiff of his rights under the Constitution and laws of the United States and State of New York.

## PUNITIVE DAMAGES

143.    Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

144.    The acts of the defendant officers were willful, wanton, malicious and oppressive, resulting in grave harm to Plaintiff, as discussed herein. Such acts shock the conscience and therefore warrant an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the defendants on each cause of action in amounts to be determined upon the trial of this action, inclusive of punitive damages and attorney's fees, and inclusive of costs and disbursements of this action and inclusive of statutory interest on such damages, costs and fees, and such other relief as is appropriate under the law and that plaintiff recover the cost of the suit herein, including reasonable attorney's fees pursuant to 42 U.S.C. § 1983, and 1988, and such and other further relief as this Court may deem just and appropriate.

Dated:      New York, New York
             August 25, 2025


**SHULMAN-HILL, PLLC**
*Attorneys for Plaintiff*
One State Street Plaza, 15th Floor
New York, New York 10004


By:   *Michael F. Pecorella*
      MICHAEL F. PECORELLA, ESQ.